UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

MELISSA A. TOWNSEND, individually,

    Plaintiff,

v.

PERFORMANT TECHNOLOGIES, INC.,     **JURY DEMAND**
a foreign corporation, and GREAT LAKES
EDUCATIONAL LOAN SERVICES, INC.,
a foreign corporation,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1. Plaintiff MELISSA A. TOWNSEND alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") against Defendants PERFORMANT TECHNOLOGIES, INC. and GREAT LAKES EDUCATIONAL LOAN SERVICES, INC.  Plaintiff alleges that Defendants PERFORMANT TECHNOLOGIES, INC. and GREAT LAKES EDUCATIONAL LOAN SERVICES, INC. incessantly and unlawfully called Plaintiff's cellular telephone using an automatic telephone dialing system (i.e. "auto-dialer") and a pre-recorded or artificial voice.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 as this is a civil action arising under the laws of the United States.

3. This Court has personal jurisdiction over the Defendants because the telephone calls forming the basis of this action were placed by the Defendants into this District, and

  because Defendants conduct business in this District by regularly placing telephone calls, sending mail, and transacting with alleged debtors in this District.

4. Venue in this District is proper because the Plaintiff resides here and received telephone calls from Defendants within this District.

## **PARTIES**

5. Plaintiff MELISSA A. TOWNSEND is a natural person and a citizen of the State of Florida, residing in Broward County, Florida. Said Plaintiff is the cellular subscriber and has dominion over the cellular telephone that Defendants were calling.

6. Defendant PERFORMANT TECHNOLOGIES, INC. ("Performant") is a debt collector that uses, among other things, an automated telephone dialing system to engage in debt collection and operates from offices located at 333 North Canyons Parkway, Livermore, CA 94551; Plaintiff further alleges that Performant is a citizen of the State of California.

7. Defendant GREAT LAKES EDUCATIONAL LOAN SERVICES, INC. ("Great Lakes") is a provider of educational financing that operates from offices located at 2401 International Lane, Madison, WI 53704. Defendant Great Lakes is a citizen of the State of Wisconsin.

## **FACTUAL ALLEGATIONS**

8. Prior to the institution of this lawsuit, the Plaintiff began receiving telephone calls from the Defendants on her cellular telephone.

9. Upon answering any of these calls, the Plaintiff was greeted by a machine-operated voice that immediately began reading a script before automatically disconnecting. The voice always recited a message substantially similar to the following:

> Hello, this message is for JAMES SMITH. If you are not JAMES SMITH please stop this message now. There will now be a three-

       second pause in the message to allow you to stop this message. If you are JAMES SMITH, please continue to listen to this message. This is not a sales or marketing message. By continuing to listen to this message, you acknowledge you are JAMES SMITH. You should not listen to this message so that other people can hear it as it contains personal and private information. There will now be a three-second pause to allow you to listen to this message in private. Hello, this is an important message for JAMES SMITH. Performant Technologies and Great Lakes Education Servicing are committed to assisting you. We would like the opportunity to discuss with you alternative options and programs that you may not be aware of. Please call us at 209-858-3919 or visit our website at www.mygreatlakes.org. Again the number to reach us is 209-858-3919. Thank you.

10. Following delivery of this message, the caller immediately disconnected.

11. The Plaintiff is not "James Smith," does not know anybody bearing that name, and has never done business with Great Lakes or Performant Technologies.

12. Because the call always comprised a pre-recorded message followed by an immediate disconnect, the Plaintiff had no way of advising the Defendants that they had called the wrong person.

13. On at least one occasion, the Plaintiff called the Defendants back at the number provided in the pre-recorded message to advise that they had called the wrong person, but the calls persisted.

14. The Defendants' method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system. See In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 2008, 23 F.C.C.R. 559, 565-66 (2008); In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 F.C.C.R. 14014, 14091-92 (2003).

15. In sum, the Defendants made telephone calls to Plaintiff's cellular telephone, each of which was made using an automatic telephone dialing system or an artificial or pre-recorded voice.

## COUNT I
## VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT

16. Plaintiff incorporates paragraphs 1 through 15 herein.

17. Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by making telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system or made using an artificial or prerecorded voice, and not legally permissible under any provision to the aforementioned statute.

WHEREFORE, Plaintiff MELISSA A. TOWNSEND, requests that the Court enter judgment in favor of Plaintiff and against Defendants PERFORMANT TECHNOLOGIES, INC. and GREAT LAKES EDUCATIONAL LOAN SERVICES, INC. for:

   a. $500 dollars in statutory damages for each violation of the TCPA over the last four years;

   b. $1,500 dollars in statutory damages for each knowing or willful violation of the TCPA over the last four years;

   c. a permanent injunction prohibiting Defendants from placing non-emergency calls to Plaintiff's cellular telephone using either an automatic telephone dialing system or an artificial or prerecorded voice;

   e. litigation expenses and costs of the instant suit; and

   f. such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 1st day of May, 2013.

                              BRET L. LUSSKIN, Esq.
                              *Attorney for Plaintiff*
                              1001 N. Federal Hwy., Ste 106
                              Hallandale Beach, Florida 33009
                              Telephone: (954) 454-5841
                              Facsimile: (954) 454-5844
                              blusskin@lusskinlaw.com

                    By:  /s/ Bret L. Lusskin, Esq.
                             Bret L. Lusskin, Esq.
                             Florida Bar No. 28069